UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHAN WAGNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANDAIR TRANSPORT, INC, )<br>)<br>Defendant. ) | No. 1:23-cv-02028-JRS-KMB |

**Order on Motion to Dismiss or Transfer**

### I.   Introduction

This is a trucking employment dispute.  Nathan Wagner trained with and then worked for Landair Transport as an over-the-road truck driver, until, dissatisfied with what he saw as Landair's underpayment of promised wages and expenses, he stopped work in protest.  Wagner sued in Indiana state court; the case was removed here; now before the Court is Landair's Motion to Dismiss, or, in the Alternative, to Transfer Venue, (ECF No. 8), which seeks to have the case moved to Tennessee pursuant to a forum-selection clause.  Also before the Court is Wagner's Motion for Leave to File Sur-Reply.  (ECF No. 18.)

### II.   Discussion

Landair invites the Court either to dismiss or to transfer the case.  (Def.'s Br. Supp. 1, ECF No. 9.)  Those two possibilities are procedurally distinct.  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013).  Usually a forum-selection clause implicates transfer and not dismissal.  *Id.* at 52.

A. Dismissal

Dismissal uses Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406. Section 1406 says that the Court "shall dismiss" cases brought in the "wrong" venue; Rule 12(b)(3) lets a party raise by motion the defense of "improper venue." So, if venue is "wrong" or "improper"—but not otherwise—the Court should dismiss. *Atl. Marine*, 571 U.S. at 55. Venue is "wrong" or "improper" when it does not fit one of the three categories set out in 28 U.S.C. § 1391(b). *Id.* at 55–56.

Neither party here addresses the § 1391(b) categories, so, this being mere venue, the argument is probably forfeit. *See Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). In any case, venue is proper under § 1391(b)(2), so-called transactional venue, which allows a suit to be brought where "a substantial part of the events or omissions giving rise to the claim occurred." Wagner's wages were due to him in Indiana; the alleged defamation affects him here; and any dispute about the inspection or repossession of Wagner's Landair-owned truck arises from the truck's condition as it was parked in Indiana. *See* 1A Fed. Proc., L. Ed. § 1:654–58, Transactional venue in particular actions.

Because venue is proper under § 1391(b)(2), venue is neither "wrong" nor "improper," and the Court may not dismiss under Rule 12(b)(3) and § 1406.

B. Transfer

That leaves transfer. Transfer under 28 U.S.C. § 1404(a) is the usual "mechanism for enforcement of forum-selection clauses that point to a particular federal district."

*Atl. Marine*, 571 U.S. at 59.  (The larger *forum non conveniens* doctrine, of which § 1404 is a statutory subset, allows the Court to order transfer to a non-federal forum. *Id.*)  It is usually "in the interest of justice," 28 U.S.C. § 1404(a), to enforce parties' bargained-for contractual agreements, *Atl. Marine*, 571 U.S. at 63.  Thus, where a "contractually valid forum-selection clause" exists, the Court should apply it according to its terms, and transfer, if called for, should be granted in all but "extraordinary circumstances."  *Id.* at 62 n.5, 62; *Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 680 (7th Cir. 2023) (prescribing application of ordinary contract interpretation principles to forum-selection clauses).  Simple enough—all the Court needs to do is decide (1) whether a contractually-valid forum selection clause exists, (2) whether it covers the claims raised here, and (3) whether extraordinary circumstances require some other result.

i. Contract Validity

Wagner's sole argument against transfer is that the alleged contract fails for lack of consideration.  The Court grants Wagner's Motion for Leave to File Sur-Reply, (ECF No. 18), to the extent that the Court has read and considered the attached brief, (ECF No. 18-1), elaborating on the consideration argument.

The contract at issue is a "Conditional Offer of Employment" prepared by Landair and signed by Wagner at Landair's onsite training and orientation.  (Contract 4, ECF No. 9-1; Wagner Aff. 2, ECF No. 16-1.)  The contract recites that Wagner "accept[s] a Conditional Offer of Employment with Landair . . . pending successful completion" of a list of conditions, including, for example, a physical and a background check.

3

(Contract 3, ECF No. 9-1.)  Landair agrees to "consider [Wagner's] application and present [him] with a conditional offer of employment"; Wagner, in exchange, agrees that his future employment is conditional; agrees not to call himself a Landair employee before he is one; agrees to the forum-selection clause; agrees to an indemnity clause; and agrees to a transitional workers' comp arrangement. (Contract 3–4, ECF No. 9-1.)

Both Tennessee and Indiana require consideration to form a contract.  *Est. of Brown*, 402 S.W.3d 193, 200 (Tenn. 2013); *Indiana Dep't of State Revenue v. Belterra Resort Indiana, LLC*, 935 N.E.2d 174, 179 (Ind. 2010), *opinion modified on reh'g sub nom. Indiana Dep't of Revenue v. Belterra Resort Indiana, LLC*, 942 N.E.2d 796 (Ind. 2011).  Mutual promises are enough.  *Est. of Brown*, 402 S.W.3d at 200; *Hinkel v. Sataria Distribution & Packaging, Inc.*, 920 N.E.2d 766, 770 (Ind. Ct. App. 2010).

Here, the contract ostensibly contains mutual promises: Landair promises to evaluate and, if suitable, employ Wagner; Wagner promises, among other things, to submit his disputes to a Tennessee forum.  Wagner argues that Landair's promises do not count, because Landair had already finished considering him as a candidate. (Pl.'s Resp. 5, ECF No. 16.)  But Wagner was not hired until after he signed the contract.  So Landair could have, and likely would have, refused to hire Wagner if he refused to sign—in other words, there was more for Landair to do or not do, and Wagner did get something for signing: his job.  The mutual promises were not illusory and suffice as consideration to form an enforceable contract.

     ii. Application of Clause

The Court now construes the forum-selection clause according to its terms. *Nulogy*, 76 F.4th at 680. The contract paragraph begins with a choice of law provision: "all matters relating to my application process, conditional employment status, and/or subsequent employment with Landair shall be construed and governed by the laws of the State of Tennessee." (Contract 3, ECF No. 9-1.) Then the paragraph moves to forum selection: "in the event of any dispute or legal proceeding arising out of or relating to any such matters, I agree and consent to the jurisdiction of the venue of the state and federal courts located in Hamilton County, Tennessee, as the sole forum for the adjudication of any such matters." (*Id.*)

The clause is clear: the courts of Hamilton County, Tennessee, are the "sole forum" for claims that "aris[e] out of or relat[e] to "[Wagner's] application process, conditional employment status, and/or subsequent employment with Landair." And the application of the clause is easy: Wagner's claims—for underpayment and for blacklisting—concern his attendance at Landair's orientation and, later, his work for Landair as an employee. They "aris[e]" from and "relat[e] to" the application process and subsequent employment. Because Hamilton County is the "sole" forum for Wagner's claims, those claims cannot be brought here in Indiana.

Thus, the Court finds a mandatory forum-selection clause that applies to Wagner's claims: transfer is the "ordinar[y]" result. *Atl. Marine*, 571 U.S. at 62.

   iii. Exceptional Circumstances

Neither party argues that exceptional circumstances are present here, and the Court, for its part, sees none.

## III. Conclusion

Wagner and Landair are parties to a valid contract with a mandatory forum-selection clause covering the claims raised in this case. The "interests of justice" dictate that the clause be enforced by transfer to the appropriate district. 28 U.S.C. § 1404(a). Hamilton County, Tennessee, is in the Southern Division of the Eastern District of Tennessee, and the clerk is **directed** to transfer this case to the federal court there.

Thus Landair's Motion, (ECF No. 8), is **granted** as to transfer (but not dismissal). Wagner's Motion for Leave to File Sur-Reply, (ECF No. 18), is **granted** to the extent that the Court considered all his arguments.

**SO ORDERED.**

Date: 02/12/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory W. Guevara
gguevara@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com